UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDAIBETH LOPEZ HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL FACILITY, *et al.*,<br><br>Respondents. | Case No.  1:26-cv-04200  (VC)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. No. 1 |

This is Petitioner's second habeas petition and motion for emergency relief filed in this District. In the first, the court dismissed the petition and denied emergency relief, finding that Petitioner's detention under 8 U.S.C. § 1226(c) was mandatory, and had not become so unreasonably prolonged that her continued detention without a bond hearing presented a constitutional violation. *Hernandez v. Lundy*, Case No. 1:25-CV-02007-SKO (HC), Dkt. No. 14 (Jan. 14, 2026) ("*Hernandez I*"). This dismissal, however, was "without prejudice to any future filing should Petitioner's detention prove to be unreasonably prolonged." *Id*. at 10. In this second filing, Petitioner alleges that her detention has become unconstitutionally prolonged, warranting either immediate release or an individualized bond hearing. Dkt. No. 1 at 12.

The facts of Petitioner's immigration case and basis for her detention are laid out in *Hernandez I*, as well as the exhibits submitted with Respondents' opposition to this second petition. Petitioner entered the United States without inspection around November 1999. Dkt No. 8 at 11. She was approved for a U-visa on April 19, 2019, which expired in 2023. *Id*. at 10. Following issuance of her visa, Petitioner was convicted of child abuse in San Benito Superior

Court and sentenced to two years in prison. *Id*. at 21, 26. She was initially permitted to serve out her sentence on probation, but after multiple violations her probation was terminated and she was sentenced to a two-year term of imprisonment. *Id*. at 31, 35. Petitioner was taken into custody by the Department of Homeland Security ("DHS") on November 17, 2025 after finishing her sentence. *Id*. at 80. It appears the only factual difference between this petition and the first request for relief is that Petitioner has now be detained for approximately seven months, whereas she had only been detained for two months when the initial petition was dismissed.

As explained in the prior order dismissing Petitioner's first request for relief, "[t]he Supreme Court has not directly addressed the constitutionality of prolonged detention in the context of an as-applied challenge to 8 U.S.C. § 1226(c) … however, "[n]umerous district courts … have found that unreasonably long detention periods may violate the due process clause." *Hernandez I* at 6, 7. Judges have reached different conclusions about what standards ought to govern as-applied challenges to prolonged, mandatory detention under 8 U.S.C. § 1226(c), with factors such as the length of detention, whether the detention is likely to continue, and the reasons for the delay among items considered amongst the plethora of different balancing tests. *See generally Keo v. Warden of the Mesa Verde Ice Processing Ctr.*, Case No. 1:24-cv-00919, 2025 WL 1029392, at *5 (E.D. Cal. Apr. 7, 2025) (summarizing precedents), *appeal dismissed sub nom. Keo v. Warden*, No. 25-3546, 2025 WL 2528945 (9th Cir. June 27, 2025).

Regardless of which test the Court applies here, Petitioner has not shown that her detention has become unconstitutionally prolonged. The single fact she relies on to justify habeas relief is that she has now been detained for seven months—"a length of detention [she contends] is unconstitutional[.]" Dkt. No. 14 at 4. As evidenced by the various balancing tests considering different factors, such as the indefiniteness of the detention and cause of the delay, the duration of detention, standing alone, is generally not enough to justify relief from 8 U.S.C. § 1226(c) detention. *See Gonzalez v. Bonnar*, No. 18-CV-05321-JSC, 2019 WL 330906, at *2 (N.D. Cal. Jan. 25, 2019) ("Although Petitioner continues to insist on a bright-line rule that detention beyond 6-months is constitutionally impermissible, the Supreme Court's decision in *Jennings*

establishes there is no such bright-line rule."). Indeed, Courts in this district have denied habeas relief for individuals' whose detention far exceeded seven months. *See, e.g.*, *Carlos A.C.J. v. Warden of the Mesa Verde Det. Facility*, No. 1:26-cv-04434-MWJS, 2026 WL 1752066, at *2 (E.D. Cal. June 17, 2026) (concluding that detention of approximately seven and a half months under 8 U.S.C. § 1226(c) did not violate due process); *Keo*, 2025 WL 1029392, at *6–8 (concluding that twenty-two-month detention under 8 U.S.C. § 1226(c) did not violate due process); *Oth v. Chestnut*, No. 1:25-cv-01367-KES-HBK (HC), 2026 WL 323053, at *5–8 (E.D. Cal. Feb. 6, 2026) (concluding that fourteen-month detention under 8 U.S.C. § 1226(c) did not violate due process); *Daley v. Andrews*, No. 1:25-cv-00922-KES-CDB (HC), 2026 WL 101840 (E.D. Cal. Jan. 14, 2026) (concluding that seventeen-month detention under 8 U.S.C. § 1226(c) did not violate due process). The mere fact that Petitioner's detention has reached seven months, without further evidence that her detention has become indefinite or that it has become unconstitutionally long given her particular situation, is not sufficient to justify habeas relief.

The petition is therefore DISMISSED without prejudice, and Petitioner's request for emergency relief is DENIED. The Clerk of the Court is directed to enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: July 6, 2026

_____

VINCE CHHABRIA
United States District Judge